```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

OTIS FRENCH, SR., as Personal    *
Representative of the Estate of  *
Otis French, Jr.,                *
                                 *
     Plaintiff,                  *
                                 * CIVIL ACTION NO. 24-00265-JB-B
vs.                              *
                                 *
THE CITY OF BAY MINETTE,         *
et al.,                          *
                                 *
     Defendants.                 *
```

## CONSENT PROTECTIVE ORDER

This action is before the Court on the parties' joint motion for entry of protective order (Doc. 63). Upon review and for good cause shown, the joint proposed protective order (Doc. 63-1) is adopted, in part. Accordingly, in order to protect the confidentiality of certain information and to facilitate discovery, it is hereby ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1. Confidential Designation. Any party to this litigation shall have the right to designate as "CONFIDENTIAL" any document, portions of a document or other information that it believes in good faith contains social security numbers, dates of birth, medical and mental health information, confidential information relating to past/present employees of the City of Bay Minette and/or other confidential or privacy-protected information.

Material designated for protection under this Protective Order shall be designated as "CONFIDENTIAL" by the party or person producing these documents at the time they are produced. A designation as to documents shall be made by placing a legend "CONFIDENTIAL" on each page of any document a party or person wishes to protect against unauthorized disclosure or use. Failure of a party or person to designate a document as "CONFIDENTIAL" may be corrected by written notice to the receiving party. Documents designated as "CONFIDENTIAL" shall be used for only for prosecuting or defending this action.

    2. <u>Medical and Mental Health Records and/or Protected Health Information</u>.

    The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to any medical condition of Otis French Jr. as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

    This order also authorizes any third-party who is covered by HIPAA to disclose Protected Health Information to the parties to

this lawsuit and their respective attorneys. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

    3. <u>Personnel Records</u>: This Order authorizes the Defendants to disclose, to the extent retained, personnel records, including, but not limited to, criminal background checks, credit checks, reference checks, prior employment records, complaint and grievances (whether or not subject to a collective bargaining agreement), wage information, and other documents and information related to a Defendant's current and past employment at any entity. This Order authorizes third parties to disclose such personnel and employment documents and information under a duly authorized subpoena.

    4. <u>Access to Materials Designated as Confidential</u>. Access to any such confidential material designated pursuant to this Order will be solely for the purposes of this litigation and shall be restricted by the terms and restrictions and to the persons expressly described in this Order; such confidential material shall not be disclosed to any other person or third party other than:

    (a)  Parties and counsel for the parties in this action;

    (b)  Employees of counsel for the parties in this action to the extent reasonably necessary to render professional services in this action;

(c) Persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action only;

(d) Deponents, trial witnesses, and potential deposition and trial witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action only;

(e) Any mediators or arbitrators that review evidence in this case;

(f) The Court and Court personnel, court reporters and videographers, employees of outside copy services used to make copies of documents or other information subject to this Protective Order to the extent reasonably necessary for the conduct of this action and under the terms and limitations specified in this Protective Order.

Disclosure of such confidential information shall be restricted to the individuals set forth above and may not be disclosed to any other person, including the media or other individuals. To the extent that the information must be released to a third party, such as an expert, that party must execute an acknowledgement of the confidential nature of the information.

4

5. <u>Depositions</u>. Any deposition or other testimony may be marked "CONFIDENTIAL" by declaring orally that certain information or documents are "CONFIDENTIAL." Each portion of any deposition transcript which contains "CONFIDENTIAL" information shall be separately transcribed, bound and sealed together with any "CONFIDENTIAL" documents introduced as an exhibit.

6. <u>Filing Confidential Information with the Court</u>. All documents designated as "CONFIDENTIAL", or as containing "CONFIDENTIAL" information shall be filed with the Court in accordance with S.D. Ala. GenLR 5.2. Nothing herein shall prevent counsel in this action from submitting, referring to, quoting from, paraphrasing or otherwise using any confidential information at any trial, testimony or hearing in this litigation or in any transcripts, briefs, pleading, motion, deposition, or other document submitted or filed with the Court in this action.

7. <u>Non-waiver Provisions</u>. The parties agree that the inadvertent production of any documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such document or other information is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return the

5

document, destroy all copies (including copies on any electronic database) and make no use or further disclosure of the information contained in the document. This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable, relevant, or admissible, and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any record.

    8. <u>Challenge to Confidentiality Designation</u>. A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation objects at any stage of these proceedings to the designation of any information as "CONFIDENTIAL", the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. Exceptions to this order may be made by agreement of the parties, and any party may seek an order of this Court modifying the Order.

    9. <u>Conclusion of these Proceedings</u>. All documents designated as "CONFIDENTIAL" or as containing "CONFIDENTIAL" information and all copies thereof shall be retained by counsel for a period of three (3) years after the conclusion of this litigation, including the final exhaustion of all appeals. At the conclusion of the three

(3) years, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made).

10. <u>Violation of this Order</u>. In the event any party violates the terms of this order, the violating party shall be subject to enforcement by the Court, including possible sanctions and contempt proceedings.

**ORDERED** this **6th** day of **August, 2025.**

                                         **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**